IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

               Plaintiff,                             ORDER

       v.                                    05-cr-103-bbc-01

JERMAINE HARRIS,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Jermaine Harris' supervised release was held on October 13, 2011, before U. S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Meredith P. Duchemin. Defendant was present in person and by counsel, Associate Federal Defender Erika L. Bierma. Also present was Senior U. S. Probation Officer Michael D. Harper.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on December 14, 2005, following his conviction for bank fraud in violation of 18 U.S.C. § 1344. This offense is a Class B felony. He was committed to the custody of the Bureau of Prisons to serve a

term of imprisonment of 33 months, with a 60-month term of supervised release to follow.

Defendant began his term of supervised release on July 27, 2007. He violated Standard Condition No. 7, prohibiting him from excessive use of alcohol and illegal drug use, and Special Condition No. 4, prohibiting him from using alcohol and illegal drugs and requiring his participation in substance abuse treatment and testing, when he submitted a sweat patch worn from June 29 to July 6, 2011, that tested positive for cocaine. He submitted urine specimens on August 2, 8, and 12, 2011, which also tested positive for cocaine. Defendant also violated Special Condition No. 4 when he failed to report for drug testing on August 19, September 9, September 22, September 26 and October 3, 2011. On August 26, 2011, he again violated Special Condition No. 4 when he consumed alcohol, as evidenced by his arrest for driving under the influence as well as his admission to the arresting officer that he had been drinking alcohol. Defendant also admitted to his supervising U.S. probation officer that he had consumed alcohol. On September 5, 2011, defendant violated Standard Condition No. 2, requiring him to submit truthful and complete written monthly reports within the first five days of each month, when he failed to submit his monthly report for August 2011, as required.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

CONCLUSIONS

18 U.S.C. § 3583(g)(4) requires revocation of the term of supervised release if a defendant tests positive for illegal controlled substances more than three times over the course of one year. Defendant tested positive for cocaine use on four occasions over the course of two months. 18 U.S.C. § 3583(d) allows the court to consider whether available treatment and the individual's participation in treatment warrant an exception to mandatory revocation. Defendant's participation in treatment does not appear to warrant an exception to mandatory revocation. Accordingly, the term of supervised release imposed on defendant on December 14, 2005 will be revoked.

Defendant's criminal history category is IV. With a Grade C violation, defendant has an advisory guideline range of imprisonment of 6 to 12 months. The statutory maximum to which defendant can be sentenced upon revocation is 36 months under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than three years if the offense for which he was sentenced previously was a Class B felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range. The intent of this sentence is to hold the defendant accountable for his violations and to protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on December 14, 2005, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of three months. A 24-month term of supervised release is ordered to follow the term of imprisonment. All standard and special conditions of supervised release previously imposed shall remain in effect with the addition of the following special condition:

Special Condition No. 6: "Spend up to 120 days in a residential reentry center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer."

Defendant is to be registered with local law enforcement agencies and the Wisconsin attorney general before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 13th day of October 2011.

BY THE COURT:

/s/

BARBARA B. CRABB

U.S. District Judge