IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

           Plaintiff,                    ORDER

     v.                              05-cr-103-bbc-1

JERMAINE HARRIS,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Jermaine Harris' supervised release was held on August 21, 2012, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Meredith P. Duchemin. Defendant was present in person and by counsel, Associate Federal Defender Erika L. Bierma. Also present was U.S. Probation Officer Shawn P. Robinson.

From the record and the parties' stipulation, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on December 14, 2005, following his conviction for bank fraud in violation of 18 U.S.C. § 1344. This offense is a Class B felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 33 months, with a 60-month term of supervised release to follow.

Defendant began his original term of supervised release on July 27, 2007. On

October 13, 2011, defendant's term of supervised release was revoked because he used cocaine, failed to report for substance abuse testing, consumed alcohol and failed to submit a monthly supervision report. Defendant was sentenced to a three-month term of incarceration to be followed by a 24-month term of supervised release. All standard and special conditions of supervised release previously imposed were ordered to remain in effect and Special Condition No. 6 was added, requiring defendant to spend up to 120 days in a residential reentry center.

Defendant began his second term of supervised release on January 10, 2012. He violated the mandatory condition prohibiting him from committing another federal, state, or local crime when he was charged on June 3, 2012, with retail theft (two offenses); and when he was charged on July 11, 2012, with theft. Defendant violated Standard Condition No. 11, which requires him to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer, when he failed to report any of the police contacts. Defendant violated Special Condition No. 4, prohibiting him from the use of illegal drugs and requiring his participation in substance abuse treatment and testing, when he used cocaine on June 25, July 8 and August 5, 2012 and when he failed to report for required substance abuse tests on July 23, August 1, August 7, August 10 and August 12, 2012. On August 10, 2012, defendant violated Standard Condition No. 2, requiring him to report to the probation officer as directed, when he failed to report to the probation office for a required meeting with his probation officer.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

## CONCLUSIONS

Defendant's violations warrant revocation. His criminal history category is IV. With a Grade C violation, he has an advisory guideline range of imprisonment of 6 to 12 months. The statutory maximum to which he can be sentenced upon revocation is 36 months under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than three years if the offense for which he was sentenced previously was a Class B felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the bottom of guideline range, to hold defendant accountable for his violations and to protect the community. I recommend that defendant be placed at a facility at which he can receive mental health treatment.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on October 13, 2011, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of six months, with no supervised release to follow.

Defendant does not have the financial means or earning capacity to pay the cost of

his incarceration.

Entered this 22d day of August 2012.

BY THE COURT:

/s/

BARBARA B. CRABB

District Judge